# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TIM GRIMALDI,

      Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

      Defendants.

3:10-cv-00185-LRH-RAM

**ORDER**

This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a *pro se* civil rights complaint on February 10, 2010, in the Seventh Judicial District Court of the State of Nevada in the County of White Pine. Defendant McDaniels was served with the complaint on March 3, 2010. Defendants filed a Notice of Removal in this Court on April 1, 2010. (Docket #1). On September 3, 2010, plaintiff filed a motion to transfer this action to the unofficial Southern Division of the District of Nevada. (Docket #9). On September 30, 2010, plaintiff filed a motion for the appointment of counsel, or in the alternative, a motion to voluntarily dismiss this action. (Docket #11).

**I. Motion to Transfer (Docket #9)**

Plaintiff has filed a motion to transfer this action to the unofficial Southern Division of the District of Nevada United States District Court. (Docket #9). Defendants oppose the motion. (Docket #10).

Nevada constitutes one federal judicial district, which is unofficially divided into the Northern Division and Southern Division. Local Rule, Part IA, 6-1. Civil actions filed by inmates

1 proceeding in *pro se* shall be filed in the division in which the inmate is held when the complaint is
2 submitted for filing or, if the inmate is not held in this district, then in the division in which the
3 events giving rise to a cause of action are alleged to have occurred.  LR IA, 8-1(a).  "The court may
4 in its discretion direct that proceedings or trial take place in the division other than the division
5 where filed."  LR IA, 8-1(c).

6 When changing venue would serve the interests of justice or be more convenient for the
7 parties or witnesses, a district court may transfer a civil action to any other district or division where
8 the case might have been brought.  28 U.S.C. § 1401(a).  The decision to transfer an action pursuant
9 to § 1401(a) is within the sound discretion of the trial court.  *United States Aluminum Corp. v.*
10 *Kawneer Co., Inc.*, 694 F.2d 193, 195 (9th Cir. 1982).

11 All allegations in the complaint arose at Ely State Prison in White Pine County, Nevada.
12 White Pine County is part of the unofficial Northern Division of the District of Nevada.  On
13 September 3, 2010, plaintiff filed his motion for transfer because he is incarcerated at Indian Springs
14 Correctional Center, which in the unofficial Southern Division of the District of Nevada.  Local Rule
15 IA 8-1(a) requires the instant action to be filed in the unofficial Northern Division, as plaintiff was
16 incarcerated in White Pine County at the time of filing the complaint, and plaintiff alleges that all of
17 the events that gave rise to the instant action occurred at Ely State Prison in White Pine County.  The
18 instant action was properly brought in the unofficial Northern Division of the District of Nevada.

19 Moreover, plaintiff has failed to show that transferring this action to the unofficial Southern
20 Division would serve the interests of justice or be more convenient for the parties or witnesses
21 pursuant to 28 U.S.C. § 1401(a).  The action arose in the unofficial Northern Division; the majority
22 of named defendants reside in the unofficial Northern Division.  Witnesses to the alleged events are
23 located in the unofficial Northern Division.  Defendants' counsel is located in the unofficial
24 Northern Division.  Defendants assert that it would be very inconvenient for them to travel to Las
25 Vegas to attend hearings and trial in this matter.

26 Plaintiff has failed to show that he would be inconvenienced by this action remaining in the
27 unofficial Northern Division.  Although plaintiff is incarcerated at Southern Desert Correctional
28 Center in Indian Springs, Nevada, located in the unofficial Southern Division, plaintiff will be

1 appearing telephonically and/or via video conference to attend hearings, if any, in this case.  As a
2 prisoner, plaintiff must file and serve documents via U.S. Mail, which will cost plaintiff the same
3 amount whether he mails documents to the federal court in Reno or Las Vegas.  A transfer is not
4 available to a forum which is equally convenient or inconvenient to the original forum.  *Van Dusen*
5 *v. Barrack*, 376 U.S. 612 (1964).  Plaintiff has failed to show that the interests of justice would be
6 served by transferring this action to the unofficial Southern Division, and as such, plaintiff's motion
7 is denied.

8 **II.  Plaintiff's Motion for Counsel, or Alternatively, for Dismissal (Docket #11)**

9 On September 30, 2010, plaintiff filed a motion for the appointment of counsel, and in the
10 alternative, for dismissal of this case.  (Docket #11).  Defendants oppose the motion.  (Docket #12).

11 A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel.
12 *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal
13 courts are empowered to request an attorney to represent an indigent civil litigant.  The
14 circumstances in which a court will make such a request, however, are exceedingly rare, and the
15 court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of*
16 *Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.
17 1986).  A finding of such exceptional circumstances requires that the Court evaluate both the
18 likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light
19 of the complexity of the legal issues involved.  Neither factor is dispositive, and both must be
20 viewed together in making a finding.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing*
21 *Wilborn, supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these
22 findings.  The Court will not enter an order directing the appointment of counsel.  Plaintiff's motion
23 for the appointment of counsel is denied.

24 The Court now considers the alternative portion of plaintiff's motion – plaintiff's request to
25 dismiss this action if his motion for the appointment of counsel is denied.  Defendants object to the
26 dismissal of this action, unless the dismissal is with prejudice.  Following the removal of the instant
27 action to this federal court, plaintiff filed two additional state court cases containing the same
28 allegations as the instant complaint.  (Docket #12, Defs.' Exhibits 1 and 2, State Court Complaints).

1 The removal deadlines for those state complaints has expired.  As such, defendants would be
2 prejudiced if this Court dismisses this action without prejudice, as it would permit plaintiff to
3 circumvent defendants' proper removal of this action, while barring defendants from removing the
4 two additional state court cases.

5      In plaintiff's motion, he does not specify whether he seeks dismissal with or without
6 prejudice.  (Docket #11).  In plaintiff's reply, he reiterates that if the Court does not appoint him
7 counsel, he wishes to dismiss the case.  (Docket #13).  The Court deems plaintiff's filings as a notice
8 of voluntary dismissal with prejudice under Rule 41 of the Federal Rules of Civil Procedure.  The
9 Court finds it proper and just to dismiss this action with prejudice.

10 **III. Conclusion**

11      **IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE.**

12      **IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

14      Dated this 10th day of December, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4